IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROGER EARL COLEY, )
 )
      Plaintiff, )
 )
 )
v. ) 1:17CV362
 )
OFFICIAL MR. GOLKEINLLICE, et al.,)
 )
      Defendants. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants Jason Golkiewicz and Jeffrey Huneycutt's motion to dismiss (Docket Entry 15), and Defendants Callie Lefler[1], William Furr, and Michael Thompson's motion to dismiss.[2] (Docket Entry 22.) Plaintiff has filed responses in opposition to these motions. (Docket Entries 18, 25.) These matters are ripe for disposition. For the following reasons, the Court will recommend that Defendants' motions to dismiss be denied.

## I. BACKGROUND

On or about April 19, 2017, Plaintiff, a pro se prisoner of the State of North Carolina, filed a complaint against Defendants pursuant to 42 U.S.C. § 1983. (*See* Compl., Docket Entry 2.) In his complaint, Plaintiff alleges that Defendants harassed and physically

---

[1] Defendant Callie Livengood's last name was changed to Lefler. (*See* Docket Entry 22 n.1.)
[2] The parties have noted the correct spelling of several of Defendant's names.

injured him in retaliation for Plaintiff's filing grievances against Defendants.[3] *(Id.* ¶ V.) Plaintiff states that one week after he filed a grievance against Defendant Golkiewicz, Defendants Huneycutt and Lefler accosted him about removing a chair from the area where the inmates' bunks were located. *(Id.)* Soon after, Plaintiff was placed in handcuffs. *(Id.)* Plaintiff was escorted to Defendant Thompson's office where Golkiewicz met Plaintiff and grabbed him by the arm and led him to another part of the complex. *(Id.)* Plaintiff alleges that Golkiewicz maintained a grip so forceful that Plaintiff's arm became numb and that pain persists in that area. *(Id.)* He seeks monetary damages against Defendants. *(Id.* ¶ VI.)

On May 12, 2017, Plaintiff filed an Amended Complaint. (Docket Entry 6.) It appears that Plaintiff is alleging that his arm was injured. *(Id.* ¶¶ V, VI.) On May 12, 2017, Plaintiff filed a Second Amended Complaint. (Docket Entry 7.) In his Second Amended Complaint, Plaintiff again alleged that his arm had been injured. *(Id.* ¶¶ V, VI.)

On August 23, 2017, Defendants Golkiewicz and Huneycutt filed a motion to dismiss Plaintiff's complaint for lack of personal jurisdiction, insufficiency of process, and insufficiency of service. (Docket Entry 15.) Additionally, on September 18, 2017, Defendants Furr, Lefler, and Thompson filed a motion to dismiss Plaintiff's complaint for lack of personal jurisdiction, insufficiency of process, and insufficiency of service. (Docket Entry 22.) Plaintiff filed responses on September 7, 2017, and October 2, 2017. (Docket Entries 18, 25).

---

[3] The facts are construed in the light most favorable to Plaintiff as the non-moving party. *Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994).

2

## II. DISCUSSION

### A. Standard of Review

Defendants argue that dismissal is appropriate pursuant to Federal Rule of Civil 12(b)(4) for insufficiency of process and 12(b)(5) for insufficiency of service. The Fourth Circuit has stated that "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) (citation omitted).

"A motion to dismiss under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996) (citing *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *rev'd on other grounds*, 487 U.S. 412 (1988)). Once the sufficiency of service of process is challenged, the burden is on the plaintiff to establish that service of process has been completed in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure. *Id.* (citation omitted). The Fourth Circuit has previously stated:

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Additionally, "courts generally allow *pro se* plaintiffs a chance to remedy technical insufficiencies in service of process." *Thomas v. Nelms*, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013) (unpublished) (emphasis added).

3

Rule 4(m) of the Federal Rules of Civil Procedure requires extension of the 90-day service period only when the plaintiff can show good cause for his failure to serve. Fed. R. Civ. P. 4(m); *Scott v. Maryland State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016) (unpublished). Factors used to determine if there was good cause include whether: "1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is *pro se* or *in forma pauperis*, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." *Id.*

The manner in which a defendant may be served is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e) allows a Defendant to be served in accordance with state law, by delivering a summons to the individual personally, leaving a copy at defendant's dwelling with a competent resident therein, or by delivering a copy to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e). N.C. Gen. Stat. § 1A-1, Rule 4(j) sets out the manner in which service upon a natural person may be made in the state of North Carolina. "Service of process cannot be effected upon Defendant by serving at his place of employment to individuals who are not authorized to accept service of process." *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003).

Even where there is a technical defect in service, "dismissal is not always mandated where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service." *McCreary v. Vaughan–Bassett Furniture Co.*, 412 F.Supp.2d 535, 537 (M.D.N.C. 2005) (citation omitted). The Court has discretion to

4

dismiss the action or to quash service and allow more time for service of process. *Thomas*, 2013 WL 593419, at *1.

**B. Analysis**

Defendants argue that Plaintiff failed to use any of the permissible methods to serve Defendants as set out in Rule 4 of the Federal Rules of Civil Procedure and the analogous provision in the North Carolina Rules of Civil Procedure. (Defs.' Mem. at 9-11, Docket Entry 16; Defs.' Mem. at 8-10, Docket Entry 23.) Further, Defendants note that Plaintiff improperly served Defendants at their place of employment. (Defs.' Mem. at 9-10; Defs.' Mem. at 8-9, Docket Entry 23.)

The record reflects that a summons and complaint was issued to Defendants Huneycutt and Golkiewicz at "Albermarle C/I, Badin, NC, 28009, Tillery Building." (Summons, Docket Entry 9 at 1, 3.) Summonses were also issued to Defendants Lefler, Furr, and Thompson. (Summons, Docket Entry 11.) In each instance, Plaintiff listed the street address of the Albermarle correctional institution in addition to naming the specific building where each Defendant could be located.[4]

A copy of the Process Receipt and Return for the summons issued to Defendant Huneycutt was filed with the Court indicating that one "Ridenhour" was served on August 7, 2017. (Process Receipt and Return at 2, Docket Entry 12.) On the same date, a second Process Receipt and Return for Defendant Golkiewicz was similarly signed by Ridenhour. (Process Receipt and Return at 2, Docket Entry 13.) The box indicating that the U.S. Marshall had legal evidence of service was marked on both. (*Id.* at 1.) In support of their

---

[4] For instance, Plaintiff noted the previous and current building where Sgt. Furr worked. (Summons at 5, Docket Entry 11.)

5

motion to dismiss, Defendants Golkiewicz and Huneycutt filed a sworn affidavit from Karen Ridenhour attesting that she signed for the receipt of the summons and complaint under the impression that the mail was for Plaintiff. (Ridenhour Aff. ¶ 5, Docket Entry 16-2.) Ridenhour further indicated that she was not an authorized agent, nor was she aware of any individual at the prison authorized to accept service on behalf of Defendants Golkiewicz and Huneycutt. (*Id.* ¶¶ 6-7.)

Similarly, on September 7, 2017, "Kenneth Diggs" accepted certified mail containing summons and complaints for Defendants Lefler, Furr, and Thompson. (Diggs Aff. ¶ 3, Docket Entry 23-2.) Defendants filed a sworn affidavit from Diggs who attested to signing for the mail without knowing the contents or the intended recipients. (*Id.* ¶¶ 3-4.) He further attested that he was not an authorized agent to receive service on behalf of Defendants Lefler, Furr, and/or Thompson. (*Id.* ¶ 6.)

After review of the evidence, the Court concludes that Plaintiff has not met his burden to establish that service of process has been completed in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure. Acceptance of service by an unauthorized individual at Defendants' place of employment is not an acceptable means of service. However, Defendants received actual notice, and there is no indication that they would be prejudiced by a liberal construction of Rule 4(m). *See Thomas*, 2013 WL 593419 at *1 (finding no prejudice in allowing the plaintiff an opportunity to cure service). Dismissal for insufficient service of process is, therefore, inappropriate.

Defendants argue that the deadline to serve Defendants has passed and that the Court should not extend the time for such service because Plaintiff was not diligent in

6

serving Defendants. (Defs.' Mem. at 11, Docket Entry 16; Defs.' Mem. at 9, Docket Entry 23.) However, the Court finds good cause for Plaintiff to have missed the deadline. First, the delay in service was outside of Plaintiff's control because he is incarcerated and could only provide service of process using the limited information provided to him. Regardless, the Plaintiff acted diligently and made reasonable efforts by following the process of service instructions he was furnished and included as many details about Defendants' locations as he had in his knowledge. Plaintiff is proceeding in this action *pro se*, and while this does not excuse him from compliance with the rules of civil procedure, leniency is warranted where Plaintiff made every effort to effect service. Finally, the defendants will not be prejudiced by an extension of time since they received actual notice of the action and were able to retain counsel. *See Scott*, 673 F. App'x at 306. Thus, the Court should allow more time for Plaintiff to perfect service.

## IV. CONCLUSION

For the reasons stated herein, **IT IS THEREFORE RECOMMENDED** that Defendants' motions to dismiss (Docket Entries 15, 22) be **DENIED**, that service of process on all Defendants be **QUASHED**, and that Plaintiff be given additional time in which to perfect service.

                                                    _____
                                                         Joe L. Webster
                                                    United States Magistrate Judge

February 13, 2018
Durham, North Carolina